5590-54
KEF/tlp

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DEMETRIUS WADE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No.:   2:23-cv-02105-SLD |
| | ) |
| HEUERMAN, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

NOW COME the Defendants, DUSTIN HEUERMAN, JOSH SAPP, KAREE VOGES, JENNA GOOD, and RYAN SNYDER, by Keith E. Fruehling of Heyl, Royster, Voelker & Allen, their attorneys, and in support of their Motion for Summary Judgment for Plaintiff's Failure to Exhaust Administrative Remedies pursuant to the Prison Litigation Reform Act 42 U.S.C. §1997(e), filed pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.1, state as follows:

**I.     Introduction**

This action is brought by Plaintiff, Demetrius Wade, who alleges that Defendants failed to protect him from harm, failed to provide him with adequate medical care and procedural due process. Defendants have denied said claims.

The Champaign County Jail has a grievance procedure. Plaintiff knew of this procedure and had access to the kiosks and handwritten grievance forms after the incident from which he could file a grievance. The Jail's grievance procedure involves a three-step process. Plaintiff failed to exhaust the final step of that process, namely: appealing his grievance appeal response regarding the subject incident involving the subject Defendant file any grievance relating to the Illinois Department of Corrections. Therefore, Plaintiff unequivocally failed to exhaust his available

administrative remedies as mandated by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, and Defendants are entitled to summary judgment.

## II. List of Exhibits

In addition to citations to the electronic filings ("ECF") of this litigation, the following exhibits are used in support of this Motion for Summary Judgment:

- Exhibit A: the Declaration of Ryan Snyder, Lieutenant of Champaign County Jail;

- Exhibit B: the "Inmate Handbook" made available to and/or provided to all inmates upon entry to the Champaign County Jail; and

- Exhibit C: form signed by Mr. Wade acknowledging that he understood the Classification process, rules and regulations of the Detention Facility and had received information how to view the Champaign County Jail Inmate Handbook on the housing kiosks.

## III. Undisputed Material Facts

*Procedural History*

1. Plaintiff filed his Complaint on May 9, 2023, in the United States District Court, Central District of Illinois. (ECF #1).

2. This Court issued a Merit Review Order on October 13, 2023, allowing Plaintiff's claims against the Defendants for alleged violation of Plaintiff's Fourteenth Amendment rights when they allegedly failed to protect him from harm, failed to provide him with adequate medical care and procedural due process. (ECF #9).

3. The Defendants have denied the Plaintiff's claims. (ECF #20).

*Grievance and Inmate Request Procedures*

4. All new Champaign County Jail detainee/inmates—including Mr. Wade — after being booked, but before being initially housed, go through a classification process. During that process, a classification officer offers each new detainee a copy of the Jail's Inmate Handbook and requires the new detainee to sign a sheet of paper memorializing either their receipt of the Inmate

Handbook and/or acknowledging that they have access to it on one of the Jail kiosks. See Exhibit B, which contains the Jail's grievance procedures. (Ex. A, ¶ 6); (Exs. B & C).

5. As for how to file a grievance, detainees and inmates are able to complete handwritten grievance forms and submit them to the grievance program coordinator via the correctional officers responsible for managing any given Jail pod. (Ex. A, ¶ 8).

6. Per the Inmate Handbook in effect on August 27, 2021, and thereafter, once Mr. Wade had received an unsatisfactory response to the grievance that he filed regarding the subject incident and Defendants, he was obliged to file an intraoffice appeal to the jail within five days of receiving the unsatisfactory grievance response. (Ex. A, ¶ 10; Ex. B. p. 24).

7. Per the Inmate Handbook in effect on August 27, 2021, and thereafter, any grievance appeal response that any inmate found dissatisfying would then have to further appeal the same to the Illinois Department of Corrections. (Ex. A, ¶ 13; Ex. B, p. 24).

***Plaintiff's Duration of Detention***

8. Mr. Wade was initially booked at the Champaign County Jail on or about August 27, 2021. (Ex. A, ¶ 3).

***The Subject Incident***

9. Plaintiff claims the Defendants violated his rights by failing failed to protect him from harm, failed to provide him with adequate medical care and procedural due process. (ECF #9).

***Plaintiff's Grievances and Inmate Request History***

10. All Champaign County Jail inmates—including Mr. Wade —are provided an Inmate Handbook (Ex. B), which contains the Jail's grievance procedures. (Ex. A, ¶ 6).

11. Mr. Wade signed the sheet acknowledging that he understood the Classification process and had received information how to view the Champaign County Jail Inmate Handbook on the housing kiosks and understand that he could, alternatively, request a copy of the Champaign County Jail Inmate Handbook. (Ex. A, ¶ 7); (Ex. C).

12. Throughout any given day in the Jail, detainees and inmates are able to complete handwritten grievance forms and submit them to the grievance program coordinator via the correctional officers responsible for managing any given Jail pod. (Ex. A, ¶ 8).

13. From after August 27, 2021, until his release from the jail, Mr. Wade had access to one of the electronic kiosks and/or the capacity to secure, fill out and turn in a handwritten grievance per Jail procedure. (Ex. A, ¶ 14).

14. Plaintiff never filed any grievance regarding an alleged failure to allow medical treatment following any fight much less against any one of the named-party Defendants. Moreover, Plaintiff never filed any grievance regarding an alleged disciplinary action taken without any due process being afforded him. (Ex. A, ¶ 11).

15. To the extent grievances 22-81 and 22-279 address his concerns about a delay in receiving access to his asthma inhaler and a failure to protect from harm, he never makes either of those claims against the named-party defendants authorized by the Court's controlling Merit Review Order. Likewise, he failed to pursue any intra-jail appeal for these grievances against the named party Defendants. (Ex. A, ¶ 12).

16. Once Mr. Wade had received any unsatisfactory appeal response to any grievance that he filed regarding the subject complaints and Defendants, he never appealed any unsatisfactory appeal response to the Illinois Department of Corrections. (Ex. A, ¶ 13; Ex. B, p. 24).

17. While Mr. Wade may have filed some grievances addressing the substance of the instant suit and/or the named-party Defendants under the jail's standard grievance procedure, he never exhausted the Jail's grievance procedure. He failed to file any grievance regarding an alleged failure to allow medical treatment following any fight much less against any one of the named-party Defendants much less anything regarding discipline without process. He also failed to appeal multiple grievances/grievance responses intra jail, but also by failing to appeal any unsatisfactory intra-jail appeal responses to the Illinois Department of Corrections pursuant to the jail's grievance protocol/process. (Ex. A, ¶ 5).

18. Mr. Wade never prepared, sent and/or copied the Champaign County Jail on any appeal of any intra-jail response sent to the Illinois Department of Corrections at any time addressing these Defendants or addressing the claims allowed by this Court. (Ex. A, ¶ 15).

19. No one at the Illinois Department of Corrections ever notified the Champaign County Jail that Mr. Wade had filed an appeal to them regarding an unsatisfactory appeal response that he'd received regarding the alleged incident or these Defendants. (Ex. A, ¶ 16).

**Argument: Plaintiff Failed to Exhaust His Administrative Remedies**

*a. Standard of Review*

The Rule 56 standard for motions filed based upon an inmate's failure to exhaust his administrative remedies is somewhat atypical, because the Court, not a jury, must resolve all factual issues. *See Pavey v. Conley*, 544 F.3d 739, 741-42 (7th Cir. 2008). *See also Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir.2008). An inmate's bald allegations, without more, are insufficient to overcome a motion for summary judgment. *See, e.g., Moss v. Morman*, No. 99 C 3571, 2001 WL 1491183, at *4 (N.D. Ill. Nov.26, 2001); *Myers v. McAuley*, No. 02 C 1590, 2003 WL 22232830, at *2 (N.D. Ill. Sept. 16, 2003). "More than 'broad-brushed, conclusory allegations' are necessary to show

the existence of a triable issue." *Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir.2001) (holding that "self-serving affidavits without factual support in the record will not defeat a motion for summary judgment.").

### b. Applicable PLRA Law

The Prison Litigation Reform Act ("PLRA") provides that no civil rights action may be brought "by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. S 1997e(a). Such suits must be dismissed if administrative remedies are not followed. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 533, 534 (7th Cir. 1999).

The Seventh Circuit has taken a strict compliance approach to what qualifies as exhaustion. *Santiago v. Snyder*, 211 Fed.Appx. 478, 480 (7th Cir. 2006); *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005). Because exhaustion requires compliance with the prison's administrative procedures, the prisoner can exhaust his administrative remedies only through the completion of such procedures. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002); *Santiago*, 211 Fed.Appx. at 480; *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005); *McCoy v. Gilbert*, 270 F.3d 503, 510 (7th Cir. 2002). *See also Johnson v. Snyder*, 444 F.3d 579, 586 (7th Cir. 2006) (dismissing claims against doctors because, although the inmate exhausted grievances regarding the conduct of prison officials, he did not do so relative to his medical providers).

There is no substantial compliance exception to PLRA's exhaustion requirement. Rather, exhaustion of available administrative remedies "means using all steps that the agency holds out, and doing so properly." *Chess v. Pindelski*, No. 07 C 5333, 2009 WL 174992, *3 (N.D. Ill. 2009) (*citing*

*Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006)); *Pozo*, 286 F.3d at 1024. Proper use of the grievance system requires an inmate to file complaints and appeals in the place, and at the time as the facility's administrative rules require. *See Pozo*, 286 F.3d at 1025. If the inmate fails to properly use the facility's grievance process, the administrative authority can refuse to hear the case, and the inmate's claim can be considered indefinitely unexhausted. *See Pozo*, 286 F.3d at 1025; *Woodford*, 548 U.S. at 89-90. *See also Hamilton v. Allen*, 2009 WL 395470 (N.D. Ill. Feb.18, 2009) (granting summary judgment even though the inmate attached a grievance to his complaint because the grievance did not have a stamp from the grievance office).

Similarly, there is no futility exception to PLRA's exhaustion requirement. *See Massey v. Helman*, 196 F.3d 727, 733 (7th Cir.2000). In short, "[e]xhaustion is required even if the prisoner believes his efforts in securing relief will be futile or if the administrative authority has no power to grant the requested relief." *Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir.2008) (citations omitted; affirming dismissal of prisoner's lawsuit because he failed to exhaust his available administrative remedies; the grievances the inmate submitted to the court did not reflect that they were fully exhausted at the institutional level).

### c. *Argument*

Defendants are entitled to summary judgment as a matter of law because Plaintiff never filed any written grievance regarding an alleged failure to allow medical treatment following any fight much less against any one of the named-party Defendants; because Plaintiff never appealed those grievances and also failed to later appeal the Champaign County Jail's unsatisfactory (from Plaintiff's perspective) appeal responses for anything he did file to the Illinois Department of Corrections as required by the Jail's grievance procedure. No such appeal regarding the named-party defendants about the alleged wrongs were ever taken – all despite knowing about the

grievance process after the incident(s), and thus the ability to comply with the Jail's process. Therefore, he has failed to exhaust his available administrative remedies.

Here, Plaintiff alleges that Defendants (1) failed to protect him from harm; (2) failed to provide him with adequate medical care; and (3) failure to provide procedural due process. For the reasons described below, Plaintiff failed to exhaust his administrative remedies because he *could* have filed a written grievance regarding an alleged failure to allow medical treatment following any fight much less against any one of the named-party Defendants much less anything regarding discipline without process; he could have filed written appeals regarding any unsatisfactory initial grievance response intra-jail within five days of receiving the unsatisfactory response and did not for half of his claims. Moreover, Plaintiff could have appealed an unsatisfactory appeal response to his denied grievance in a timely fashion, and simply did not. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008) (noting that "the case is over" if an inmate fails to file a grievance they were uninhibited from filing).

To start, Plaintiff had access to the Jail's grievance process every day after August 27, 2021; therefore, he unequivocally could have filed a grievance within the Jail's fourteen-day deadline. This Circuit has noted that an inmate can only successfully grieve if they follow the time, place, and manner rules of a given institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). Here, the Jail provided the Plaintiff an opportunity to file grievances, appeal an unsatisfactory initial grievance response to the Jail Superintendent within five days of receiving said response. (UMF #6). Plaintiff knew this, by virtue of his Inmate Handbook and booking orientation. (UMF #4,5). Here, the Jail also provided the Plaintiff an opportunity to appeal an unsatisfactory appeal response to the Illinois Department of Corrections. (UMF #7). Plaintiff knew this, by virtue of his Inmate Handbook and booking orientation. (UMF #4). Plaintiff expressly signed a form

acknowledging that he understood the Classification process and had received information how to view the Champaign County Jail Inmate Handbook on the housing kiosks and understand that he could, alternatively, request a copy of the Champaign County Jail Inmate Handbook. (UMF #11).

In sum, Plaintiff had sufficient time, knowledge, and ability to either file a grievance, appeal any unsatisfactory initial grievance responses intra-jail within five days of receiving the unsatisfactory grievance response. He did not do so. He also was given the opportunity to appeal the unsatisfactory appeal response to the Illinois Department of Corrections for the claim pled in this lawsuit against these Defendants. He failed to do so, and thus failed to exhaust his administrative remedies. 42 U.S.C. S 1997e; *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008) (noting that "the case is over" if an inmate fails to file a grievance they were uninhibited from filing).

### IV.     Conclusion

Plaintiff should have filed written grievances against the named party defendants for an alleged failure to allow medical treatment following any fight much less against any one of the named-party Defendants, much less anything regarding discipline without process. Plaintiff should have appealed the Jail's unsatisfactory initial grievance responses and any unsatisfactory appeal response(s) to the Illinois Department of Corrections pursuant to the Jail's guidelines regarding the alleged failure to provide timely access to his inhaler and any person allegedly responsible therefore. He did not, despite the fact the means to do so were available to him. Plaintiff thus failed to exhaust his since-expired administrative remedies, and "the case is over" as

a matter of law. *Pavey*, *supra*. Summary judgment should be awarded to Defendants and the entire case terminated because of Plaintiff's failure.

WHEREFORE, the Defendants, DUSTIN HEUERMAN, JOSH SAPP, KAREE VOGES, JENNA GOOD, and RYAN SNYDER, respectfully request that this Honorable Court issue an order granting their Motion for Summary Judgment and dismiss Plaintiff's Complaint, and for any other and further relief this Court deems proper and just.

Respectfully submitted,

DUSTIN HEUERMAN, JOSH SAPP, KAREE VOGES, JENNA GOOD, and RYAN SNYDER, Defendants

BY: s/Keith E. Fruehling
Keith E. Fruehling, ARDC #: 6216098
HEYL, ROYSTER, VOELKER & ALLEN
Suite 505, 301 N. Neil Street
Champaign, IL 61820
Telephone 217.344.0060
Email: kfruehling@heylroyster.com

**PROOF OF SERVICE**

       I hereby certify that on February 2, 2024, I electronically filed the foregoing DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES, with the Clerk of the Court using the CM/ECF system.

       I also hereby certify that on February 5, 2024, I have mailed, by United States Postal Service, the foregoing DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES to the following non-CM/ECF participant:

Mr. Demetrius Wade
5124 S. Prairie Ave., Apt. 2
Chicago, IL 60615

                                                           /s/ Keith E. Fruehling
                                                           Heyl, Royster, Voelker & Allen

43855469