UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| DEMETRIUS WADE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23-2105 |
| | ) | |
| DUSTIN HEUERMAN, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## SUMMARY JUDGMENT ORDER

Plaintiff, proceeding pro se and previously detained at Champaign County Jail, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging Fourteenth Amendment claims for failure to protect from harm, failure to provide adequate medical care, and procedural due process. The matter comes before this Court for ruling on the Defendants' Motion for Summary Judgment on the issue of exhaustion of administrative remedies. (Doc. 25). The motion is denied.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that

might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## FACTS

Plaintiff filed this lawsuit on May 9, 2023. (Doc. 1), alleging that jail officials failed to remedy an issue that caused cell doors to open and close on their own, resulting in an attack that left him with several lacerations, a knot on his forehead, and bruised ribs, that jail officials failed to provide adequate medical care thereafter and routinely misplaced his emergency inhaler, and that he was housed in administrative segregation for no reason and not provided with a hearing. The Court found that Plaintiff stated Fourteenth Amendment claims for failure to protect from harm, failure to provide adequate medical care, and procedural due process.

Individuals detained at Champaign County Jail ("jail") may file grievances as issues arise. The applicable rules provide:

> INMATE GRIEVANCES
>
> A. Inmates shall not be subject to personal abuse, corporal punishment, personal injury, disease, property damage or harassment within limitations necessary to maintain institutional order and security, and to maintain compliance with the Champaign County Correctional Division Policies and Procedures and the Administrative Rules and Regulations.
>
> B. There are three types of grievances:
>
>  1. Disciplinary Appeals
>  2. Conditions of Confinement
>  3. Medical
>
> C. Inmates who wish to submit a grievance shall complete the INMATE GRIEVANCE/APPEAL FORM within fourteen (14) days of the complaint issue. All grievances shall be forwarded to the Lieutenant of Support Services/designee.
>
> D. Inmates who have had disciplinary sanctions levied against them, due to findings of guilt, have the right to appeal those findings. If an inmate wishes to appeal the decision of the Classification Lieutenant/designee in discipline cases, they must do so in writing within five (5) days.

1. The appeal will be forwarded to the Jail Superintendent/designee and state the basis for the appeal.

2. You cannot appeal disciplinary sanctions until the mediation has been completed.

3. Appeals must be based on one or all the following:

    a. Did the disciplinary process follow the jail's procedures regarding inmate discipline?
    b. Was the decision of the Classification Lieutenant/designee based on substantial evidence?
    c. Was the discipline imposed proportionate to the offense committed?

4. The Jail Superintendent/designee will review the Disciplinary Hearing file to decide if the sanction imposed was appropriate based on these three considerations. He or she will reply to the inmate, in writing, within five days after receiving the appeal, excluding weekends and holidays.

5. The decision of the Jail Superintendent/ designee is final and there is no further appeal.

E. Grievances must be resolved within twenty-one (21) days.

F. Inmates may appeal non-discipline related decisions directly to the Jail Superintendent/designee, in writing, within five (5) days of receiving a response. An employee receiving an appeal will forward it to the Support Services Lieutenant/designee without delay.

G. The Jail Superintendent/designee will review all documentation relating to the appeal and render a decision within a reasonable amount of time. The inmate will be notified of the decision in writing.

H. If you are dissatisfied with a response you receive to a grievance appeal, you may, then, appeal to the Illinois Department of Corrections at:

    Illinois Department of Corrections
    1301 Concordia Court
    P.O. Box 19277
    Springfield, IL 62794-9277
    (217) 558-2200 x 2122

I. Inmates who submit a grievance that is:

    1. For a non-grievable issue
    2. Incomplete:

        a. Missing their name

> b. Missing their jacket number
> c. Missing the date
> d. Missing their housing unit
> e. Missing requested relief
>
> 3. Duplicate to a prior grievance filed will receive a Rejected Grievance form, indicating the rejection reason, in addition to their grievance filed.

(Doc. 25-2 at 24-25). Jail officials made these rules available to Plaintiff via electronic kiosks. (Doc. 25-3).

Plaintiff's summary judgment response discloses the following grievances: grievances dated May 7, 2022, addressing the circumstances surrounding Plaintiff's failure-to-protect claim; and, a grievance dated January 3, 2022, regarding lack of access to his inhaler. (Doc. 39-1 at 3, 7). Jail officials denied Plaintiff's grievances and subsequent appeals. *Id.* at 4-6, 8-12. Plaintiff provided a copy of an email response from the Illinois Department of Corrections stating that "IDOC does not have oversight or the ability to effect [sic] county detention centers." *Id.* at 1. IDOC officials responded to Plaintiff's Freedom of Information Act Request seeking "Official policies and procedures as it relates to the Administrative Review Board or Prisoner Review Board handling grievances from pre-trial detainees in county jails," stating that no responsive records could be found. *Id.* at 23.

Plaintiff attached to his complaint a copy of a grievance dated June 14, 2022, regarding his placement in administrative segregation, and requesting periodic review of this status. (Doc. 1 at 26). The parties have not provided an official's response to this grievance.

## ANALYSIS

Failure to exhaust is an affirmative defense, and, therefore, defendants bear the burden of showing that a prisoner failed to exhaust all available remedies. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). The Prison Litigation Reform Act (PLRA) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2013). The PLRA does not define the process a prisoner must utilize; rather, "state law establishes the administrative remedies that a state prisoner must exhaust for purposes of the PLRA." *Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018).

The PLRA requires only that inmates exhaust available remedies. *See Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) ("An inmate…must exhaust available remedies, but need not exhaust unavailable ones."). A formal grievance process is unavailable when the process: (1) "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) is "so opaque that it becomes, practically speaking, incapable of use;" and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60.

Defendants failed to provide copies of the grievances at issue as part of their motion for summary judgment or cite to the portions of the record where these documents could be found as required under Fed. R. Civ. P. 56(c)(1). The jail official's recitation of the content of these grievances in his affidavit is inadmissible hearsay and not properly considered in support of summary judgment. Fed. R. Civ. P. 56(c)(4) (affidavits or declarations must…set out facts that would be admissible in evidence.").

Insofar as Plaintiff's records disclose, he fully exhausted his grievances regarding his failure-to-protect and medical claims to the extent that jail officials could take action. The only evidence in the record regarding the requirement to appeal to the Illinois Department of Corrections, when viewed in the light most favorable to Plaintiff, shows that IDOC officials had no authority to act, and the step operated as a dead end. The record also discloses that Plaintiff

filed a grievance regarding his procedural due process claims without evidence that officials responded. *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2005) ("[A] remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance…"). The Court finds that Plaintiff fully exhausted all available administrative remedies.

**IT IS THEREFORE ORDERED:**

1) **Defendants' Motion for Summary Judgment [25] is DENIED.**

2) **Discovery shall be completed by August 16, 2024. Dispositive motions shall be filed by September 16, 2024.**

Entered this 28th day of June, 2024.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE